05/19/2006  13:02 FAX 202501382   FEDERAL PUBLIC DEFENDER                  ☑004

## HONORABLE GLADYS KESSLER, UNITED STATES DISTRICT JUDGE

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 9 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **Docket No.: CR-06-00020** |
| | : | |
| vs. | : | SSN: |
| | : | |
| Kamara, Almanny | : | **Disclosure Date: May 4, 2006** |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF
### PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government
(CHECK APPROPRIATE BOX)

( )    There are no material/factual inaccuracies therein.

( )    There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____       _____ | Date

**Prosecuting Attorney**

#### For the Defendant
(CHECK APPROPRIATE BOX)

( )    There are no material/factual inaccuracies therein.

(X)    There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____ 5/16/06     _Rita Bosworth_ 5/18/06
**Defendant**       **Date**        **Defense Counsel**   **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **May 18, 2006**, to U.S. Probation Officer **Monica Johnson**, telephone number **(202) 565-1332**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Richard A. Houck, Jr., Chief
      United States Probation Officer

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

A. J. KRAMER
*Federal Public Defender*

Telephone (202) 208-7500
FAX (202) 208-7515

May 19, 2006

Monica Johnson
United States Probation Officer
United States District Court
3rd and Constitution Avenue, N.W.
Washington, DC 20001

Re:  **United States v. Almanny Kamara**
**Criminal Number 06-20-01**

Dear Ms. Johnson:

Enclosed please find the Defendant's Objections and Comments to the pre-sentence report, prepared in the above indicated case, dated May 4, 2006.

**Objections and Comments**

1. The first page of the PSR incorrectly indicates that Mr. Kamara was arrested on January 24, 2006. In reality, Mr. Kamara was arrested in New York on December 21, 2005, and held without bond. He was transported to Washington D.C. and the arrest in D.C. was executed on January 24, 2006.

2. Mr. Kamara submits that on page 2 under "Aliases," "Derrick Andra Blocker" and "Almany Kamara" are simply misspellings, they are not aliases.

3.  On page 5, paragraph 15, Mr. Kamara's base offense level is 8, not 11.

4.  On page 5, paragraph 20, Mr. Kamara's adjusted offense level (subtotal) is 8, not 11.

5.  On page 5, paragraph 23, Mr. Kamara's total offense level is 6.

6.  On page 8, paragraph 45, the name of Mr. Kamara's employer was "Home Remodel Service," not "Home Remodel Salvage." In addition, he only worked there in 2004, his employment there did not extend into 2005.

7.  On page 8, paragraph 47, Mr. Kamara sold good at the New York flea market for six

05/19/2006 13:02 FAX 20250138    FEDERAL PUBLIC DEFENDER    ☑003

months in 2005, not 2004.

8.  In paragraph 48, Mr. Kamara worked at the Rainforest Café from 1998-2003, not 2001-2003.

9.  In paragraph 49, Mr. Kamara worked at Merrifield Garden Center in 1998, not 2000.

10.  In paragraph 50, Mr. Kamara was unemployed from 1997-1998, not 1997-2000.

11.  On page 9, paragraph 57, Mr. Kamara's total offense level is 6, not 9, and his guideline range is 0-6 months, not 4-10 months.

12.  In paragraph 58, Mr. Kamara's guidelines are in Zone A, not Zone B, which means that a term of imprisonment is not required.

13.  In paragraph 60, if Mr. Kamara had not received 2 points for acceptance of responsibility, his base offense level would have been an 8, and he still would have been in Zone A, not Zone C.

14.  In paragraph 65, again, the applicable guideline range is Zone A, not Zone B.


Thank you for your consideration of these matters.  Please feel free to call me if there are any details which we need to discuss.


                                        Very truly yours,

                                        Rita Bosworth

                                        Rita Bosworth
                                        Assistant Federal Public Defender
                                        (202) 208-7528 ext. 105



cc: Robert Feitel
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, DC  20001